# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**TERRY FOSTER and**                                                              **PLAINTIFFS**
**JANIE BREWER**

**v.**                          **Case No. 3:20-cv-00135-BSM**

**RICK SHIPMAN CONSTRUCTION, INC.**                          **DEFENDANT**

## ORDER

The motion for judgment on the pleadings [Doc. No. 8] of Rick Shipman
Construction, Inc. ("RSC") is granted, and separate plaintiff Janie Brewer is dismissed.

RSC's motion to compel [Doc. No. 10] is granted. Terry Foster is ordered to provide
the requested information through initial disclosures and respond to RSC's written discovery
requests by June 24, 2021. If Foster fails to do so, he will be directed to pay the fees
associated with RSC's motion, Doc. No. 10. Fed. R. Civ. P. 37(a)(5)(A)(iii).

Plaintiffs' motion for an extension [Doc. No. 12] is denied. Local Rule 7.2(b).

## I. BACKGROUND

Plaintiffs were employed by RSC as electricians, and they traveled together overnight
to job sites, sometimes out of state. Compl. ¶¶ 9–10, Doc. No. 2. Plaintiffs were previously
married, but at the time of their employment with RSC, they were divorced and were only
coworkers. *Id*. ¶¶ 6, 11. On January 27, 2019, Foster received notice from his brother that
he had been summoned for jury duty the next week. *Id*. ¶ 12. Foster told his manager at
RSC, Steve McFall, via text message that he had been summoned for jury duty. *Id*. ¶ 13.
Foster did not provide a copy of his summons, so McFall told him that he still had to appear

for work at the next job site.  *Id*. ¶¶ 15, 17.  Foster asked McFall for information about the site, but McFall did not provide it, and Foster was terminated.  *Id*. ¶¶ 17–19.  McFall told Brewer that she would be terminated unless she appeared at the next job site, which was in Alabama.  *Id*. ¶ 20.  Brewer did not have a way to get to the job site without Foster.  *Id*. Plaintiffs allege that Foster was wrongfully discharged, and that Brewer was constructively discharged, in violation of public policy.

## II. LEGAL STANDARD

Judgment on the pleadings is "appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law."  *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).  The standard is the same as ruling under Rule 12(b)(6) for failure to state a claim.  *See Clowers v. Cradduck*, No. 5:15-CV-05260, 2016 WL 5886893, at *1 (W.D. Ark. Oct. 6, 2016).  All reasonable inferences are granted in favor of the non-moving party.  *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004).

## III. DISCUSSION

The motion for judgment on the pleadings is granted because the complaint does not show that RSC deliberately created an intolerable working environment to force her resignation.

Brewer alleges that she was constructively discharged when RSC terminated Foster, after Foster failed to provide proof that he had been summoned for jury duty.  Constructive discharge "occurs when an employee resigns after the employee has created an intolerable

working environment in a deliberate attempt to compel such a resignation." *Tatum v. City of Berkeley*, 408 F.3d 543, 551 (8th Cir. 2005) (quoting *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 928 (8th Cir. 2004)). "An employee who quits without giving her employer a reasonable chance to work out a problem is not constructively discharged." *West v. Marion Merrell, Dow, Inc.* 54 F.3d 493, 498 (8th Cir. 1995).

Without Foster as her co-driver, Brewer would have attended job sites with other RSC employees. *See* Compl. ¶¶ 27–29. Brewer alleges that requiring her to "travel with unknown males as a co-driver" is against public policy in the state of Arkansas. *Id*. ¶ 28. Brewer does not explain why her ex-husband was the only RSC employee with whom she would be able to work. While being paired with a new RSC employee may have been less desirable for Brewer than working with someone she already knew, an employee claiming constructive discharge "may not be unreasonably sensitive to [her] working environment." *West,* 54 F.3d at 497 (quoting *Johnson v. Bunny Bread, Co.*, 646 F.2d 1250, 1256 (8th Cir. 1981)). Because Brewer resigned as soon as Foster was terminated, *see* Compl. ¶ 28, RSC did not have a reasonable chance to work out problems with any potential new co-drivers. *See West*, 54 F.3d at 498. Brewer has thus not met her "substantial" burden. *Blake v. MJ Optical, Inc.*, 870 F.3d 820, 826 (8th Cir. 2017).

IV. CONCLUSION

For the foregoing reasons, RSC's motion for judgment on the pleadings [Doc. No. 8] is granted, and separate plaintiff Janie Brewer is dismissed. RSC's motion to compel [Doc.

No. 10] is granted.

    IT IS SO ORDERED this 25th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE