IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TERRY FOSTER**                                                                                                 **PLAINTIFF**

v.                                          **CASE NO. 3:20-CV-00135-BSM**

**RICK SHIPMAN
CONSTRUCTION, INC.**                                                                                             **DEFENDANT**

## ORDER

Rick Shipman Construction Inc.'s ("RSC") motion for summary judgment [Doc. No. 20] is granted because Terry Foster has not established a causal link between his firing and summons for jury duty.

## I. BACKGROUND

Terry Foster was a traveling electrician for RSC for eleven months before he was fired in February 2019. Compl. ¶¶ 8–9, 19, Doc. No. 2. Foster claims RSC fired him because he was summoned for jury duty. *Id*. ¶ 22. RSC contends it fired Foster because he refused to cover a job the weekend before his jury duty began, because he had a history of poor performance, and because he engaged in unprofessional behavior directed primarily toward his supervisor, Steve McFall. Br. Mot. Summ. J. at 1–5, Doc. No. 21. The facts, taken in the light most favorable to Foster, are as follows.

Foster was summoned for jury duty in Randolph County, Arkansas, beginning on Monday, February 4, 2019. Pl.'s Resp. Def.'s SUMF, ¶ 6, Doc. No. 30. Foster notified McFall of this jury duty "a couple weeks" in advance. *Id*. The week before his jury duty, Foster was working a job for RSC at a grocery store in Valley, Alabama. *Id*. ¶ 7. On

Thursday, January 31st, while Foster was still working in Valley, McFall requested a copy of Foster's jury summons and told him he would still need to handle another job on Friday and Saturday in Clanton, Alabama, before traveling back to his home in Arkansas. Def.'s Mot. Summ. J. Ex. 5, Doc. No. 20-5. Foster informed McFall that he intended to finish the job in Valley on Friday and then return home to Arkansas. *Id*.

The next day, McFall sent an email to Foster, RSC's owner, and several RSC employees, stating that Foster did not intend to cover the Clanton job and would need to "bring the truck and trailer back to the office and square up on paperwork and receive his last check." Def.'s Mot. Summ. J. Ex. 6, Doc. No. 20-6. After receiving the email, Foster engaged McFall in a brief text message conversation during which McFall stated, "I had the jury duty covered. I needed you to go to the Clanton for two days, tonight and tomorrow [Friday and Saturday]. Then you could head home. You told me you were not doing it. I have to cover the work." Def.'s Mot. Summ. J. Ex. 5. At no point did McFall ask or require Foster to work during the time that he was scheduled for jury duty. Pl.'s Resp. Def.'s SUMF, ¶ 15.

In his deposition, Foster states he did not finish the job in Valley until Friday or Saturday morning. Foster Dep. at 26–27, 31, 54–55, Doc No. 28-4. Foster says he told McFall, "I can't fit this [the Clanton job] in. I have got to have my one day off." *Id*. at 31. Foster did not cover the Clanton job or return to work for RSC after finishing the job in Valley. Pl.'s Resp. Def.'s SUMF, ¶¶ 12, 15. In the week following the Valley job, Foster

2

sent various text messages to RSC employees disparaging McFall, and even sent flowers to McFall's wife. *Id*. ¶¶ 16–18. On February 11, 2019, RSC's human resource manager called Foster to confirm that his employment with RSC was terminated. *Id*. ¶ 19. Prior to the events of late January and early February, McFall had several disagreements with Foster regarding Foster's job performance. *Id*. ¶¶ 4–5.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Foster's claim is that RSC terminated him in violation of public policy because he had been summoned for jury duty. Generally, an employer may terminate an at-will employee without cause. *See Sterling Drug, Inc. v. Oxford*, 743 S.W.2d 380, 383 (Ark. 1988).

Arkansas public policy and criminal statute, however, prohibit employers from terminating, or otherwise penalizing, employees due to their absence from work for jury duty. Indeed, it is a crime to do so. *See* Ark. Code. Ann. § 16-31-106.

The record does not support that RSC fired Foster for this reason. Foster concedes that McFall did not ask him to work on a day he was scheduled for jury duty. Pl.'s Resp. Def.'s SUMF, ¶ 15. On the contrary, the record indicates McFall was willing to accommodate Foster's need to report for jury duty. Def.'s Mot. Summ. J. Ex. 5. Foster was terminated only after refusing to cover the Clanton job. Def.'s Mot. Summ. J. Ex. 6. Moreover, the record supports RSC's position that McFall was dissatisfied with Foster's work performance, even before Foster refused to cover the Clanton job. Foster Dep. at 27.

Foster might still have a colorable claim if RSC had fired him for refusing to cover a job that would have prevented his compliance with the jury duty summons. The problem for Foster is that RSC gave him time, although it was tight, to perform the Clanton job and then drive back to Arkansas for jury duty. Foster Dep. at 52. Moreover, Foster indicates that the reason he declined to cover the Clanton job was because he wanted at least one day of rest before his jury duty. *Id*. at 31, 59–61, 80. Foster's desire for a day off may have been entirely reasonable, but the public-policy exception is a limited one and does not require RSC to extend him that courtesy. Foster could have traveled from Valley to Clanton to work the job McFall assigned to him. He exercised his prerogative to decline the job, and RSC exercised its prerogative to terminate him for that decision.

## IV. CONCLUSION

Summary judgment is granted because Foster has failed to show that he was terminated for complying with his summons for jury duty. Consequently he has no cause of action under the public policy exception to the at-will employment doctrine.

IT IS SO ORDERED this 4th day of October, 2021.

                                                UNITED STATES DISTRICT JUDGE